Roberto **CONDE–RODRIGUEZ,**
Petitioner,

v.

Eric H. **HOLDER, Jr., Attorney General, Respondent.**

No. 08–72986.

United States Court of Appeals, Ninth Circuit.

* The Honorable Matthew F. Kennelly, United States District Judge for the Northern District of Illinois, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Nov. 16, 2010.*

Filed Nov. 24, 2010.

Hardeep Singh Rai, Indus Law Group LLP, San Francisco, CA, for Petitioner.

Francis William Fraser, I, Esquire, Senior Litigation Counsel, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: TASHIMA, BERZON, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Roberto Conde–Rodriguez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen proceedings due to ineffective assistance of counsel. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, and review de novo questions of law, including claims of due process violations. *Mohammed v. Gonzales,* 400 F.3d 785, 791–92 (9th Cir.2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion by denying Conde–Rodriguez's motion to reopen on the ground that he failed to show he was prejudiced by his former counsel's representation. *See Iturribarria v. INS,* 321 F.3d 889, 899–900 (9th Cir.2003) (prejudice results when counsel's performance

"was so inadequate that it may have affected the outcome of the proceedings") (internal quotation marks and citation omitted).

Conde–Rodriguez's contentions that the BIA failed to apply the correct legal standard and failed to consider the evidence he submitted with his motion to reopen are belied by the record.

To the extent Conde–Rodriguez seeks an order remanding to the BIA to reinstate his voluntary departure period, we lack jurisdiction to grant that request. *See Garcia v. Ashcroft,* 368 F.3d 1157, 1159 (9th Cir.2004) (order).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.